United States District Court
Southern District of Texas

**ENTERED**

July 08, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| TORIBIO VERA CHAVEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-717 |
| | § | |
| FRANCISCO VENEGAS, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## **ORDER**

Petitioner Toribio Vera Chavez is currently detained by Immigration and Customs Enforcement at the El Valle Detention Center in Willacy County, Texas. In this habeas action, Petitioner contests Respondents' ability to detain him without a bond hearing under 8 U.S.C. § 1225(b)(2)(A). Petitioner bases his habeas action on statutory arguments under 8 U.S.C. §§ 1225 and 1226, and on provisions of the Fifth Amendment.

Petitioner concedes that the Fifth Circuit's ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) forecloses his statutory arguments.

With respect to any claim based on the Due Process Clause, the Fifth Circuit has determined that "the Government may detain aliens under Section 1225(b)(2)(A) for ninety days but no longer without a bond hearing." *Sosnava Rodriguez v. Ortega*, — F.4th —, No. 26-50183, 2026 WL 1906557, at *16 (5th Cir. July 2, 2026). Those ninety days represent "the period of time during which the validity of detention can be presumed." *Id.*

In this case, Respondents detained Petitioner on June 11, 2026. Based on this date, the ninety-day period has not expired, rendering Petitioner's claims based on the Due Process Clause premature.

Petitioner also alleges that his detention violates equal protection principles within the Fifth Amendment by treating aliens who enter without inspection differently than aliens who

overstay their visa.   And he alleges that Respondents violated his constitutional rights by exercising their authority under Section 1226 to detain and release him, and then reclassifying and detaining him under a different statute–i.e., Section 1225(b)(2)(A)–without notice or other procedural protections, including a bond hearing.  The Court has previously rejected substantially similar claims. *See Prieto Garcia v. Venegas*, No. 1:26-CV-266, 2026 WL 1580638, at *2 (S.D. Tex. June 1, 2026) (rejecting analogous equal protection claim); *Ruiz Avalos v. Mullin*, No. 1:26-CV-098, 2026 WL 1581236, at *1 (S.D. Tex. June 2, 2026) ("[N]o statutory or regulatory provision, and no Constitutional principle, requires Respondents to follow specific procedural steps before exercising their authority to the fullest under Section 1225.").

To facilitate the Court's consideration of the issues that Petitioner presents, it is:

**ORDERED** that by no later than July 29, 2026, Petitioner Toribio Vera Chavez shall file a Statement explaining why, in light of *Sosnava*, his claims based on the Due Process Clause are not premature, and as to his remaining claims, why the Court should not reach the same conclusion as in previous analogous cases.

If Petitioner does not file the Statement, the Court will deny the Petition.

Signed on July 8, 2026.

Fernando Rodriguez, Jr.
United States District Judge